UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMEN HILL,

    Petitioner,

v.

    Case No. 2:21-CV-13056
    HONORABLE SEAN F. COX
    UNITED STATES DISTRICT JUDGE

TROY BEVIER,

    Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Benjamen Hill, ("Petitioner"), presently incarcerated at the Lenawee County Jail in Adrian, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). In his *pro se* application, petitioner challenges his pending criminal prosecution in the Lenawee County Circuit Court. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner has been charged with two counts of fourth-degree criminal sexual conduct and is awaiting trial in the Lenawee County Circuit Court. Petitioner alleges that he is being denied his right to a speedy trial and that excessive bail was set in

this case. Petitioner claims that he has exhausted his state court remedies with respect to these claims. This Court has reviewed the Michigan Court of Appeals' website and Westlawnext and there is no indication that petitioner ever filed an appeal with either court. [1]

Petitioner in his current petition seeks habeas relief from his pending criminal charges.

Petitioner has already been denied pre-judgment habeas relief twice. *Hill v. Welsh,* No. 21-CV-12370, 2021 WL 5872499 (E.D. Mich. Nov. 8, 2021); *Hill v. Bevier*, No. 2:21-CV-12499, 2021 WL 5303928 (E.D. Mich. Nov. 15, 2021).

## II. Discussion

The Court summarily dismisses the petition, because petitioner has yet to be convicted of any criminal charges in this case. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484,

---

[1] This Court obtained some of the information about petitioner's pending charges from the Lenawee County Circuit Court website under Case # 210699. http://courts.lenawee.mi.us/ROA2A/ROASched.aspx. This Court also viewed the Michigan Court of Appeals' website, https://www.courts.michigan.gov/case-search/**Error! Main Document Only.**, and Westlawnext. www.1.next.westlaw.com. to determine whether petitioner had appealed the judge's rulings to the appellate courts. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 2005 WL 2291000, * 1 (E.D. Mich. Sept. 19, 2005). Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should generally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition can be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id*.

There are several exceptions to the rule that prejudgment habeas relief is unavailable to a state prisoner. One exception to this general rule is a claim that an impending state trial would violate the Double Jeopardy clause of the federal

constitution. *See Klein v. Leis,* 548 F. 3d 425, 430, n. 2 (6th Cir. 2008); *Moore*, 875 F. Supp. at 622, n. 2. Petitioner does not allege that the pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally nonattainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

Petitioner does argue that his speedy trial rights have been violated. Petitioner is not entitled to pre-trial habeas relief for two reasons.

First, petitioner cannot obtain dismissal of his pending criminal charges based on the alleged violation of his speedy trial rights. Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *Atkins,* 644 F. 2d at 547; *Hirsch v. Smitley*, 66 F. Supp. 2d 985, 986-987 (E.D. Wis. 1999). To the extent that petitioner is seeking to dismiss this pending state criminal case outright, he would not be entitled to habeas relief

because this is something which the Court does not have the power to do. *Hirsch,* 66 F. Supp. 2d at 987. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him on speedy trial grounds, his habeas action must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court,* 218 F. 3d 11, 18, n. 5 (1st Cir. 2000)(internal citations omitted).

Secondly, to the extent that petitioner seeks to force the state court to bring him to trial, petitioner failed to exhaust his state court remedies with respect to any pending criminal charges. A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994). Any pre-trial habeas petition is premature because petitioner failed to exhaust his state court remedies with respect to any pending criminal charges. The habeas corpus statute for pre-trial situations requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *See also Dillon v. Hutchinson,* 82 F. App'x. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his Interstate Detainer Act (IAD) claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from

considering the merits of petitioner's claims concerning those charges). Petitioner would not be entitled to a writ of habeas corpus with respect to any pending criminal charges because he has not exhausted his state court remedies with respect to any such pre-trial habeas petition. *Dickerson,* 816 F. 2d at 228. Because there is no indication that petitioner raised his speedy trial claims with the Michigan appellate courts, his claims are unexhausted. *Compare Atkins*, 644 F. 2d at 548.

Petitioner also alleges that his bail in this case is excessive. It is proper to raise in a pre-judgment habeas petition a claim that the right to bail pending trial was violated, provided the petitioner has successfully exhausted his state court remedies. *See Atkins v. People of the State of Michigan*, 644 F. 2d at 549-50. Petitioner is not entitled to consideration of his excessive bail claim, because there is no indication that he has exhausted his state court remedies with respect to that claim.

Accordingly, the Court denies the habeas petition without requiring respondent to answer, because it appears from the application that petitioner is not entitled to habeas relief. *See Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 862 (E.D. Wis. 1999)(citing to 28 U.S.C. § 2243).

### III. Conclusion

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he or she must obtain a certificate of appealability before appealing this Court's denial of his or her habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001)(a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998)(pre-trial detainee who challenged pending state prosecution pursuant to § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part: "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of petitioner's claims to be debatable or that they should receive encouragement to proceed further. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629

(E.D. Mich. 2001). In particular, jurists of reason would not find debatable this Court's determination that petitioner had failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 F App'x. 713, 717 (10th Cir. 2009). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed.R.App. P. 24(a).

### IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) The petition for a writ of habeas corpus is **DENIED WITHOUT PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

                                       s/Sean F. Cox
                                       Sean F. Cox
                                       United States District Judge

Dated: January 14, 2022